IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ALBERT BURGESS BROWN, JR.    )
                             )
            Plaintiff,       )      8:13CV80
                             )
      v.                     )
                             )
COMMISSIONER OF SOCIAL       )      MEMORANDUM AND ORDER
SECURITY,                    )
                             )
            Defendant.       )
_____)
```

This matter is before the Court on the motion to dismiss by defendant Commissioner of Social Security ("Commissioner") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) (Filing No. 5, with brief, Filing No. 6). Pro se plaintiff Albert Brown has filed objections to the Commissioner's motion to dismiss (Filing Nos. 7 and 8), to which the Commissioner replied (Filing No. 9). Mr. Brown filed objections to the Commissioner's reply brief (Filing Nos. 10 and 12) and a motion to enter additional evidence (Filing No. 11).

The Commissioner's motion to dismiss is based on her assertion that Mr. Brown has not yet effected service of process on the United States. The Federal Rules of Civil Procedure require,

> To serve a United States agency . . . , a party *must serve the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . .

Fed. R. Civ. P. 4(i)(2) (emphasis added). In order to "serve the United States," a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought -- or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk -- or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; . . .

Fed. R. Civ. P. 4(i)(1)(A), (B). The Commissioner maintains that even though Mr. Brown declares that he sent copies of the summons and complaint by certified mail to the United States Attorney for the District of Nebraska and the Attorney General of the United States, his actions do not comply with Fed. R. Civ. P. 4(i)(1)(A) and (B). Rather, the Commissioner states that the United States Attorney for the District of Nebraska and the Attorney General of the United States must receive summonses issued to them, not copies of the summons issued to the Commissioner.

The Commissioner alleges, "The fact that the docket sheet reveals that no summonses have been issued for the United States Attorney or the Attorney General of the United States supports the defendant's argument that the United States has not

-2-

been properly served in this case," citing *Wormack v. Shinseki*, Civil Action No. 11-1437, 2012 WL 3877662 (W.D. Pa. Sept. 6, 2012) (Filing No. 9, at 2). In *Wormack*, the district court judge dismissed the case for insufficient service of process where the only summons issued was to defendant Eric Shinseki, Secretary of the Department of Veterans Affairs, but "there [was] no evidence that the Summons was actually served on Defendant Shinseki." *Wormack*, 2012 WL 3877662, at *4. In addition, the court found that there was "no evidence that Plaintiff served all of the necessary entities with copies of the Complaint and Summons in accordance with Rules 4(i)(1)-(2)." *Id*. "Given the fact that no additional summonses have been issued at this time, there is no record evidence that Plaintiff has obtained and served summonses on the individuals listed in the Notice of Mailing." *Id*. "Even if Plaintiff had served copies of the Complaint on these individuals, he has not complied with his Rule 4(i) obligation to obtain summonses and serve them, along with the Complaint, on each of the individuals listed in the aforementioned subsections of Rule 4(i)(1)(2)." *Id*.

A different approach was taken in a pro se Social Security disability appeal case from the Southern District of Illinois, where the Court instructed in its order,

> For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** as to this Court only.

-3-

> The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank form of summons and three blank forms USM-285.  Plaintiff is **ORDERED** to complete the form of summons and return it to the Clerk of Court.  The Clerk of Court **SHALL** issue the completed summons.  Unless service is waived pursuant to Federal Rule of Civil Procedure 4(d), the United States Marshal **SHALL**, in accordance with Rule 4(i),
>
> (1) personally or by registered or certified mail serve upon Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order;
>
> (2) personally or by registered or certified mail addressed to the process clerk, serve upon the United States Attorney for the Southern District of Illinois copies of the summons, complaint, and this Memorandum and Order; and
>
> (3) by registered or certified mail, serve upon the Attorney General of the United States at Washington, D.C., copies of the summons, complaint, and this Memorandum and Order.

*Miller v. Astrue*, Civ. No. 08-918-GPM, 2008 WL 5423619, at *1 (S.D. Ill. Dec. 30, 2008).  The district court clearly differentiates between "the summons" that is to be served "upon Defendant," and a "cop[y] of the summons" that is to be served upon the United States Attorney for the district and upon the Attorney General of the United States.

In this case, the court clerk did issue a summons for the Commissioner (Filing No. 3), and the Commissioner concedes in her reply brief that plaintiff has supplied adequate evidence to establish service on the agency ("Defendant withdraws the portion of its motion as it reflects service on the Social Security Administration, based on Plaintiff's exhibits now showing service on the agency" (Filing No. 9, at 1)).  With regard to service upon the other two "necessary entities," this Court, like the Court from the Southern District of Illinois, will read Federal Rule of Civil Procedure 4(i)(1) literally, and will require that plaintiff send "a copy of the summons," meaning a copy of the summons issued to the sole defendant, the Commissioner, to the United States Attorney for the District of Nebraska and to the Attorney General of the United States, as described in Rule 4(i)(1)(A) and (B).

The problem of proof remains, however.  Federal Rule of Civil Procedure 4(l) plainly states that the plaintiff bears the onus of proving service by way of affidavit:  "(l) Proving Service.  (1) Affidavit Required.  Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).

Here, plaintiff has submitted a statement "being duly sworn under oath" including certified mail receipts and tracking

notices that he claims establish that copies of the summons and complaint were sent to the United States Attorney for the District of Nebraska and the Attorney General of the United States, as required (Filing No. 7). Yet the Court has no way of knowing to whom these items were sent, because there are no names or complete addresses on plaintiff's submitted documents.

The Court notes that in cases being brought against the Commissioner by claimants who are represented by counsel, this practical problem is neatly solved in the following manner:

1. Plaintiff (or plaintiff's counsel) requests summons forms for the United States Attorney for the District of Nebraska and for the Attorney General of the United States from the Clerk of the Court, in addition to the summons form for the Commissioner. In this case, two additional copies of the summons form sent to the Commissioner will suffice;

2. Plaintiff sends a summons form, along with a copy of the complaint, to both the United States Attorney for the District of Nebraska and to the Attorney General of the United States, via certified mail, but also including the United States Postal Service's green postcard that will be returned to the plaintiff, signed by the recipient, when the United States Attorney for the District of Nebraska and the Attorney General of the United States each receive the summons and complaint;

3. For each addressee, the plaintiff files with the court a copy of the summons form, completing the affidavit on the second page (available on the court's website), indicating proof of service and declaring under penalty of perjury that the addressee (the United States Attorney for the District of Nebraska and the Attorney General of the United States, respectively) was sent the copies of the summons and complaint (checking the

-6-

>           box "other" and specifying that they were sent by
>           certified mail and that the receipt is attached);
>           and
>
> 4.    Finally, for each addressee, the plaintiff
>       attaches a copy of the completed green postcard to
>       the affidavit.

The Court notes that the time dictated for service of process by Federal Rule of Civil Procedure 4(m), 120 days, has not yet expired, since Mr. Brown filed his complaint on March 6, 2013 (Filing No. 1). Nevertheless, on its own motion, the Court will extend the time for providing proof of service of process until August 1, 2013. The Commissioner's motion to dismiss will be denied without prejudice to reassertion. Accordingly,

IT IS ORDERED:

1) The Commissioner's motion to dismiss (Filing No. 5) is denied without prejudice;

2) Mr. Brown's objections (Filing Nos. 7, 8, 10, and 12) are denied;

3) Mr. Brown's motion to enter (Filing No. 11) is denied as moot;

4) Since the Commissioner has conceded that the Social Security Administration has been properly served (Filing No. 9, at 1), no further proof of service of process will be required as to the agency only;

5) Mr. Brown will provide to the Court proof of service of process upon the United States (the United States Attorney for

the District of Nebraska and the Attorney General of the United States) by following the four-step procedure delineated above, on or before August 1, 2013. Thereafter, the clerk of the court is ordered to set the answer deadline for the Commissioner.

DATED this 21st day of June, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court